■ LIFE FITNESS, Respondent, v GYM SOURCE, INC., Appellant. [697 NYS2d 33] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered November 19, 1998, awarding plaintiff damages against defendant, and bringing up for review an order of the same court and Justice entered October 8, 1998, which, in an action for goods sold and delivered, insofar as challenged, granted plaintiff's motion for summary judgment to the extent it sought recovery of the price of the subject goods and dismissal of defendant's affirmative defenses and counterclaims, unanimously affirmed, with costs.

Defendant, an authorized dealer of plaintiff's exercise equipment, acknowledges it did not pay for goods it received from plaintiff, a nationwide seller of brand name exercise equipment, but claims that the parties subsequently entered into a modification and/or waiver agreement whereby plaintiff's collection on defendant's past due account was conditioned on plaintiff's first making delivery on defendant's more recent equipment orders. Such claim, first made by defendant in its letter to plaintiff of August 19, 1996, should be rejected as a conclusory and self-serving afterthought, inconsistent with defendant's partial payment of the negotiated reduced amount as stated in plaintiff's letter to defendant of July 19, 1996, and with defendant's tender of a check, subsequently dishonored, for the balance of the reduced amount. The only evidence of any probative force of a modified agreement is plaintiff's letter of July 19, which merely gave defendant an opportunity to satisfy its debt by paying a reduced amount within an extended period of time, contained no language conditioning defendant's payment of the negotiated amount on plaintiff's first fulfilling additional orders subsequently placed by defendant, and expired when defendant failed to satisfy its terms. Rejection of defendant's claim of a subsequent agreement necessarily requires dismissal of its counterclaims for lost profits and injury to reputation attributable to plaintiff's breach of such agreement. Also fatal to defendant's counterclaims, as the IAS Court held, is its failure to submit evidence showing that the consequential damages alleged could not be reasonably prevented by its duty to cover by purchasing substitute goods (UCC 2-715; see, Saboundjian v Bank Audi, 157 AD2d 278, 284-285). Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.